```
                          United States Bankruptcy Court
                           Central District of California
```

In re:                                                                Case No. 11-14880-RR
Kenneth W. Sterling                                                   Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-9           User: aortizC            Page 1 of 2             Date Rcvd: Dec 19, 2011
                               Form ID: van196          Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 21, 2011.
db         #+Kenneth W. Sterling,    1827 San Andres Street,    Santa Barbara, CA 93101-4014
            +Toyota Motor Credit Corporation,    9441 LBJ Freeway Suite 250,   Dallas, TX 75243-4640

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 21, 2011**                    **Signature:**    _Joseph Speetjens_

```
District/off: 0973-9          User: aortizC              Page 2 of 2                  Date Rcvd: Dec 19, 2011
                              Form ID: van196            Total Noticed: 2
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 19, 2011 at the address(es) listed below:
              Avi   Schild    on behalf of Creditor   Atlas Acquisitions LLC avi.schild@atlasacq.com
              Bobbie A Novin     on behalf of Creditor   TOYOTA MOTOR CREDIT CORPORATION
               bnovin@nbsdefaultservices.com
              Karen L Grant    on behalf of Debtor Kenneth Sterling kgrant@silcom.com
              Patti H Bass    on behalf of Creditor   HSBC Bank Nevada, N.A. ecf@bass-associates.com
              Sandra   McBeth (TR)    jwalker@mcbethlegal.com, CA65@ecfcbis.com
              United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
                                                                                             TOTAL: 6

FormCACB (odnyreaf– van196) (05/11)

# United States Bankruptcy Court
# Central District Of California

**1415 State Street, Santa Barbara, CA 93101–2511**

## ORDER AND NOTICE OF ENTRY OF ORDER
## DENYING MOTION TO APPROVE REAFFIRMATION AGREEMENT

**DEBTOR(S) INFORMATION:**
Kenneth W. Sterling

**BANKRUPTCY NO.** 9:11–bk–14880–RR
**CHAPTER** 7

**SSN:** xxx–xx–1101
**EIN:** N/A

1827 San Andres Street
Santa Barbara, CA 93101

(1) Debtor filed, as docket entry # 9 , a Motion for Approval of Reaffirmation Agreement ("Motion") concerning a debt owing to Toyota Motor Credit Corporation (*name of creditor*).

(2) The Court provided notice of and held a hearing on whether it would grant the Motion.

(3) Basis for denial of the Motion:

☒ Debtor did not appear at the hearing.

☐ Debtor voluntarily dismissed the Motion.

☐ The Reaffirmation Agreement imposes an undue hardship on the debtor or a dependent of the debtor.

(4) Based upon the foregoing, and pursuant to 11 U.S.C. § 524, **IT IS ORDERED** that the Motion is denied, reaffirmation of the debt is not approved, and the Reaffirmation Agreement is unenforceable.

Dated: December 19, 2011

FOR THE COURT,
**Kathleen J. Campbell**
Clerk of Court

(FormCACB (odnyreaf – van196 Rev. 05/11))

**14 – 9 / AOG**